# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

HARRISON SMALL,                                      PLAINTIFF

V.                                       NO. 4:07CV036-M-B

M.S.P. VOCATIONAL SCHOOL,                              DEFENDANTS

## OPINION DISMISSING CLAIMS

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about three Rule Violation Reports (RVR), her received. One RVR was for refusing to work which resulted in the loss of canteen privileges for fifteen days. The second RVR was for threatening bodily harm to another which resulted in the loss of his prison job. The third RVR was for refusing to obey orders and resulted in the loss of telephone privileges for fifteen days. Plaintiff is asking that the RVRs be expunged from his record and that he be allowed to return to his job.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). This is particular relevant here where the complaint involves an RVR that is over seven years old. *See* Miss. Stat. Ann. § 47-5-807; *Sanders v. Miss. Dept. Of Corrections*, 912 So. 2d 189

(Miss. 2005) (denial of grievance filed three years after the incident resulting in loss of earned time credit was not a redressable injury).

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *Oliver v. Scott*, 276 F.3d 736, 745-46 (5th Cir. 2002) (prisoner's right to privacy is minimal); *see*, *Sinclair v. Stalder*, 2003 WL 22436063 at *1, 78 Fed. Appx. 987, 989 (5th Cir. Oct. 28, 2003) (use of female officers to supervise male inmates does not violate the First Amendment right to privacy). Therefore, Plaintiff has failing to state a cause of action upon which relief may be granted.

As for Plaintiff's complaint about the loss of his job, the constitution does not confer inmates a constitutional right to a particular job assignment. *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978). The assignment of an inmate to a particular job is a matter of prison administration which falls within the sound discretion of the prison officials. *Gardner v. Johnson*, 429 F.Supp. 432 (E.D. Mich. 1977). As such, the Plaintiff is not entitled to a hearing to on the issue of his employment within a state prison, and his claim should be dismissed. *See also Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Small is cautioned that once he accumulates three strikes, he may not proceed *in forma*

*pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 3rd day of April, 2007.

                                       **/s/ Michael P. Mills**
                                       **UNITED STATES DISTRICT JUDGE**